Theodore Velsor, J.
Motion and cross motion for summary judgment on the first cause of action. Defendant’s cross motion also seeks an order of preclusion.
The complaint alleges two causes of action seeking money damages as the result of a surgical operation or procedure performed upon the plaintiff. The first cause of action claims an assault by reason of an invalid consent; the second is predicated upon alleged malpractice.
*208 On April 23, 1963, when she was 19% years of age, plaintiff presented herself to defendant’s outpatient clinic seeking treatment for a skin disorder. She executed a written authorization consenting to the performance of operations or procedures and thereafter a biopsy was performed. It is claimed that scarring resulted. At the time the consent was signed she was married and living with her husband, and her parents were living. No emergency was involved.
Upon attaining age 21, plaintiff commenced this action, claiming that her written consent was invalid when given by reason of her minority and that she elected to disaffirm the consent.
The question whether a woman upon attaining her majority may disaffirm a consent to a nonemergency surgical operation which she executed as a minor emancipated by marriage, appears to be a matter of first impression in this jurisdiction.
The jural status of infants generally is. that as minors they may not act without the intervention of a guardian on their behalf. There are, however, exceptions to this rule. A woman over the age of 18 years may marry without parental or like consent, and with lawful parental consent a woman over the age of 14 years may enter into a lawful marriage (Domestic Relations Law, § 15). Married minors may exercise custody and control over their children (Cohen v. Delaware, Lackawanna & Western R. R. Co., 150 Misc. 450). Upon a lawful marriage the guardianship of a woman is terminated with respect to her person but not with respect to her property. (Domestic Relations Law, § 84.) An emancipated minor may establish a domicile apart from the parental abode (Cohen v. Delaware, Lackawanna & Western R. R. Co., supra).
Any minor attaining the age of 18 years may make a will of his personal estate (Decedent Estate Law, § 15) and may make a valid business contract (Debtor and Creditor Law, § 260).
Although a minor is permitted to disaffirm contracts under certain conditions (G-eneral Obligations Law, § 3-101), the rule is due not so much to the minor’s disability as to a privilege extended for the minor’s protection.
From the foregoing it is clear that the law recognizes a distinction between the personal rights and property rights of minors. While a minor may not alter the status of his property rights in this jurisdiction without the intervention of a guardian or a court as parens patries, the minor’s personal rights are not so closely strictured.
In this case there is nothing to suggest that the plaintiff, at the time of executing the consent, had not reached the age of discretion, or that the plaintiff was under any physical or mental *209 disability. Plaintiff’s consent to the surgical procedure involved was an act of volition, and was a personal right which was validly exercised. Plaintiff’s motion is denied and defendant’s motion to dismiss the first cause of action is granted. Plaintiff is directed to serve an amended complaint accordingly.
Defendant’s motion to preclude is denied. A demand may be served addressed to the amended complaint.