William Q-itelman, J.
In this action, plaintiff, a duly licensed optometrist, was requested by defendant, Carol Ann White, an infant, 19 years of age, to furnish her with contact lenses. She advised plaintiff that she urgently desired them as soon as pos *482 sible. She agreed to pay $225 for the lenses and gave the doctor her personal check for $100. Plaintiff, accordingly, after examining infant defendant’s eyes immediately ordered the lenses from his laboratory and incurred an indebtedness of $110. The examination was held on Thursday evening, the lenses were ordered on Friday, and received by the doctor on Saturday. On Monday morning the infant called and disaffirmed her contract, on advice and insistence of her father, and stopped payment on her check. The infant was 19 years of age, working, and although living at hqme with her parents, paid for her room and board.
The plaintiff established that the contact lenses could be used by no one but the infant and have no market value at all, thus resulting in an absolute loss to the plaintiff of $110.
The question presents itself as to whether or not the contact lenses were ‘ ‘ necessaries.’ ’. The term ‘ ‘ necessaries ’ ’, as used in the law relating to the liability of infants therefor, is a relative term, somewhat flexible, except when applied to such things as are obviously requisite for the maintenance of existence, and also depends on the social position and situation in life of the infant.
An analogy may be drawn between the instant case and the situation that existed in the case of Vichnes v. Transcontinental & Western Air (173 Misc. 631) and in Bach v. Long Is. Jewish Hosp. (49 Misc 2d 207). In the Vichnes case an infant purchased a round trip ticket to California and after using it tried to disaffirm and recover the money he paid. The Appellate Term reversed the Municipal Court and dismissed his claim. In the Bach case, an emancipated infant attempted to disaffirm her consent to a cosmetic operation performed on her. The Supreme Court, Nassau County, refused to permit her to do so. In both of these cases, the infant had received full benefit and could not place the defendant in status quo. So also in this case, since the contact lenses are of no value to anyone except the infant defendant, the plaintiff has suffered a loss and cannot be put back in status quo except by payment of a reasonable sum.
The court has in mind the case of International Text Book Co. v. Connelly (206 N. Y. 188) which holds that an infant is not liable' for a sum in excess of the fair value of the necessaries furnished even though he has contracted to pay more.
Accordingly, and for the purpose of doing substantial justice between the parties, judgment is granted in favor of the plaintiff and against the defendant, Carol Ann White, in the sum of $150. Since the defendant, Carol Ann White, is emancipated, no judgment may be granted against her father, the defendant, *483 Richard A. White, and accordingly the complaint is dismissed as to him. During the trial the father urged that his daughter should not be penalized for obeying her father. The court suggests that there is nothing to prevent the father from paying the judgment for his daughter, if he is so minded.